## MEREDITH *against* BANKS.

The mode of calculating interest, when there has been partial payments, is, to calculate to the time of payment, then the sum paid deducted from the amount, and interest calculated on the residue to the next payment.

---

* *Sed vide Overseers of Mendham* v. *Morris*, 2 *South.* 810, that Quarter Sessions will be ordered to send up state of case.

Meredith *v.* Banks.

Several questions were involved in this case, but they were generally questions of fact. The court, however, in their opinion, laid down the following rule in the calculation of interest.

*Per Curiam.* The court has determined, and the practice has uniformly been, whatever the mercantile mode of calculating interest may be, that, when there have been several payments, the interest should be calculated to the time of the first payment, then the sum paid credited and deducted from the whole amount, and interest calculated on the residue till the next payment, and so throughout.

Note.—In *Tracy* v. *Wikoff*, 1 *Dal.* 124, M'Kean, C. J., laid down the following rule in computing interest: "The rule of computing interest must be such, that the interest of money paid in before the time must be deducted from the interest of the whole sum due at the time appointed by the instrument for making the payments. For instance, a bond to pay £100, with annual interest at 6 per cent., and at the end of six months £50 is paid in. This payment shall not be apportioned £3 to the discharge of the half year's interest, and £47 to the diminution of the principal, so as to calculate the remaining interest at 6 per cent. on £53 for six months; but the interest shall be charged at the end of the year upon £100; the payment of £50 shall then be deducted from the aggregate sum of £106 and the obligor receive a credit for £1 10*s.* as the interest of £50 for six months. In *Penrose* v. *Hart*, *Ib.* 378, Shippen, President, said, he remembered to have heard of an old decision, when Logan was Chief Justice, in which it was expressly settled, that money paid on account of a bond should first be applied to discharge the interest due at the time of the payment, and the residue, if any, credited towards satisfaction of the principal; and this rule had been adopted as the uniform practice. This seems to be the rule in Massachusetts. *Edes*

v. *Goodridge*, 4 *Mass. Rep.* 103. This rule appears the most equitable, but, as usually practiced, it frequently leads to the charge of compound interest. In *Lewis's Executor* v. *Bacon's Legatee and Executors*, 3 *Hen. and Munf.* 89, where a creditor kept an account current with his debtor, and also an interest account, in which he charged interest on the several items of debit to a particular period, and gave credit by interest on the several payments to the same period, and charged in the account current, the balance appearing on the interest account, and a balance being then struck, interest was again charged on that balance thus consisting of principal and interest, the court held it to be compound interest, and not allowable. Perhaps the rule laid down by Chancellor Kent, in the case of *The State of Connecticut* v. *Jackson*, 1 *John. Ch. Rep.* 13, 17, is more entirely free from objection than any other that can be adopted. " The rule," says this able and distinguished judge, " for casting interest, when partial payments have been made, is to apply the payment, in the first place, to the discharge of the interest then due. If the payment exceeds the interest, the surplus goes towards discharging the principal, and the subsequent interest is to be computed on the balance of principal remaining due. If the payment be less than the interest, the surplus of interest must not be taken to augment the principal; but interest continues on the former principal until the period when the payments taken together exceed the interest due, and then the surplus is to be applied towards discharging the principal, and interest is to be computed on the balance of principal as aforesaid.

[NOTE.—During this vacation, *Mr. Justice Chetwood* was compelled, by continued and increasing bad health, to resign his seat as one of the justices of this court, a situation which he had held for many years with distinguished credit to himself and satisfaction to the public. *Andrew Kirkpatrick, Esq.*, was elected to supply the vacancy occasioned by the resignation of *Mr. Justice Chetwood*, and took his seat on the bench in November term following.]